[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Erie County Court of Common Pleas denying a motion for a new trial. Because we conclude that appellant's motion was both untimely and unmerited, we affirm.
 {¶ 2} The facts of this matter are more fully explained in our prior consideration of this case, State v. Taylor (Nov. 15, 1996), Erie App. No. E-95-066. Appellant, Larry Taylor, was convicted of the 1995 kidnapping, rape and torture of a 26 year old Sandusky woman. He was sentenced to six indeterminate sentences of from 10 to 25 years incarceration and one indeterminate sentence of from 8 to 15 years, to be served consecutively. His conviction was affirmed on appeal and his petition to the Supreme Court of Ohio dismissed. State v. Taylor (1998),81 Ohio St.3d 1444.
 {¶ 3} While investigating the Erie County kidnapping and rape, sheriff's deputies uncovered evidence linking appellant to a string of Huron County burglaries involving the theft of women's underwear. Appellant eventually pled no contest to one count of burglary in Huron County, was found guilty and sentenced to an indeterminate sentence of from 8 to 15 years, to be served consecutively to the Erie County term of incarceration. Appellant's conviction was affirmed on appeal. State v.Taylor (Sept. 20, 1996), Huron App. No. H-95-062.
 {¶ 4} In 2001, appellant moved for and was denied a new trial in the Huron County case. Appellant had argued that he had "newly discovered" a copy of his Huron County arrest warrant and that it established that he was in custody when he was interrogated in the Erie County case. Therefore, appellant maintained, he should have been advised of his rights pursuant to Miranda v. Arizona (1966), 384 U.S. 436, prior to that questioning and, because he was not, the inculpatory statements he made at that time should be suppressed. Noting that appellant had produced no "`newly discovered evidence' to show that he was not mirandized ***," we affirmed Huron County's denial of his motion. Statev. Taylor, 6th Dist. No. H-01-053, 2002-Ohio-2168.
 {¶ 5} On November 7, 2001, appellant submitted a pro se motion for a new trial in Erie County, again arguing that the "newly discovered" Huron County arrest warrant meant that his interrogation in Erie County was custodial, mandating Miranda warnings which, he asserted, were not given. Absent such warnings, appellant maintained, the inculpatory statements he made during interrogation should be suppressed. Absent the admissibility of such statements, appellant insists, the result of this trial would have been different. Accompanying appellant's new trial motion was a motion to suppress inculpatory statements made during this purportedly unlawful interrogation.
 {¶ 6} The trial court denied both motions, concluding that the motion for a new trial was both untimely and unpersuasive. This appeal followed. Appellant sets forth the following eight assignments of error:
 {¶ 7} "FIRST ASSIGNMENT OF ERROR
 {¶ 8} "Trial court errored [sic] to appellants [sic] prejudice in over ruling appellant's motion for a new trial as not timely filed.
 {¶ 9} "SECOND ASSIGNMENT OF ERROR
 {¶ 10} "The trial court abused its discretion and acted in a capricious and arbitrary manner by not granting appellants [sic] motion for a new trial, when the trial court ruled appellants [sic] supporting afficavits [sic] are moot.
 {¶ 11} "THIRD ASSIGNMENT OF ERROR
 {¶ 12} "The trial court abused its discretion and acted in a capricious and arbitrary manner by not granting appellants [sic] motion for a new trial, when the trial court ruled appellants [sic] exhibits are moot.
 {¶ 13} "FOURTH ASSIGNMENT OF ERROR
 {¶ 14} "The trial court abused its discretion and acted in a capricious and arbitrary manner by not granting appellants [sic] motion to dismiss appellants [sic] statement and ruling that appellant did not raise the issues at trial or appeals court.
 {¶ 15} "FIFTH ASSIGNMENT OF ERROR
 {¶ 16} "The trial court abused its discretion and acted in a capricious and arbitrary manner by not granting appellants [sic] motion for a new trial and ruling res judicata applies while ignoring appellants [sic] affidavits and exhibits.
 {¶ 17} "SIXTH ASSIGNMENT OF ERROR
 {¶ 18} "The trial court abused its discretion and acted in a capricious and arbitrary manner by not granting appellants [sic] motion for a new trial when the trial court failed to rule that plain error ensued because the prosecutor failed to turn over exculpatory evidence, that ould [sic] have a major impact on the outcome of the trial.
 {¶ 19} "SEVENTH ASSIGNMENT OF ERROR
 {¶ 20} "The trial court abused its discretion and acted in a capricious and arbitrary manner by not graning [sic] appellants [sic] motion for a new trial when the trial court failed to rule that multiple constitutional violations were committed and appellant was denied due process of law.
 {¶ 21} "EIGHTH ASSIGNMENT OF ERROR
 {¶ 22} "The tria [sic] court abused its discretion and acted in a capricious and rbitrary [sic] manner by dismissing appellants [sic] motion to suppress and ignored the totality of the circumstances."
 {¶ 23} In material part, Crim.R. 33 provides:
 {¶ 24} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 25} "***
 {¶ 26} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial. ***
 {¶ 27} "(B) Motion for new trial; form, time. ***
 {¶ 28} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 29} A trial court is without jurisdiction to extend the time limit set by Crim.R. 33(B). State v. Roberts (2001), 141 Ohio App.3d 578,582.
 {¶ 30} Appellant's conviction and sentence in this matter occurred in 1995. He did not file his Crim.R. 33 motion until 2001, well outside 120 days provided in the rule. Appellant argues that he was prevented from discovering his Huron County arrest warrant by failure of the prosecutor to provide it in discovery or by the prosecutors' (of both Huron and Erie Counties) acts to fraudulently conceal its existence. In reality, this was an arrest warrant which should have been served upon appellant or his counsel on his arrest. Moreover, it is simply not material, because, as we noted in our decision in appellant's Huron County appeal, appellant has presented no evidence that he was not mirandized during his Erie County police interview. State v. Taylor,2002-Ohio-2168 at ¶ 5. Accordingly, all of appellant's assignments of error are not well-taken or moot.
 {¶ 31} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Costs to appellant.